

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-78,119-02

### EX PARTE ELIJAH DWAYNE JOUBERT

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 944756-B IN THE 351ST DISTRICT COURT
### HARRIS COUNTY

*Per curiam.*

### O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071, § 5.[1]

Applicant was convicted in October 2004 of capital murder. The evidence at trial

showed that Applicant, Dashan Glaspie, and Alfred Brown committed a robbery at a

---

[1] Unless otherwise indicated, all future references to Articles refer to the Texas Code of
Criminal Procedure.

check-cashing business in Harris County on April 2, 2003. Employee Alfredia Jones and police officer Charles Clark were shot and killed during the robbery. Applicant gave a statement to police in which he admitted participating in the robbery but denied shooting anyone.

Glaspie testified against Applicant and Brown at their capital murder trials. Glaspie testified in both trials that Applicant shot Jones and Brown shot Clark. Both Applicant and Brown were convicted of capital murder and sentenced to death. Brown later argued on state habeas that the State withheld telephone records that would have supported his alibi argument at trial. *See Brady v. Maryland,* 373 U. S. 83 (1963). In 2014, we granted Brown relief on his *Brady* claim, and we vacated Brown's capital murder conviction and death sentence. The State thereafter dismissed Brown's capital murder charge due to an inability to corroborate Glaspie's testimony.

We affirmed Applicant's conviction and sentence on direct appeal. *Joubert v. State,* 235 S.W.3d 729 (Tex. Crim. App. 2007). We denied relief on Applicant's initial post-conviction application for a writ of habeas corpus. *Ex parte Joubert*, No. WR-78,119-01 (Tex. Crim. App. September 25, 2013).

Applicant further challenged his conviction in Cause No. 4:13-cv-03002, styled *Elijah Dwayne Joubert v. William Stephens,* in the United States District Court for the Southern District of Texas, Houston Division. On October 15, 2015, the federal district court entered an order staying its proceedings for Applicant to return to state court to

present his claims. Applicant's instant post-conviction application for a writ of habeas corpus, *Ex parte Joubert*, No. WR-78,119-02, was filed in the trial court on June 9, 2016.

Applicant presents nine allegations in his -02 writ application in which he challenges the validity of his conviction and resulting sentence. On October 5, 2016, we remanded this application for the trial court to consider Claims One and Two, in which Applicant alleged that the State failed to correct Glaspie's false testimony and withheld telephone records and grand jury testimony which would have impeached Glaspie's credibility. *See Napue v. Illinois,* 360 U.S. 264 (1959); *Brady v. Maryland,* 373 U.S. 83 (1963).

The trial court thereafter held a hearing and the parties submitted proposed findings of fact and conclusions of law. The State acknowledged its failure to disclose impeachment evidence, but argued that the evidence was not material. The trial court adopted the State's findings and conclusions. The trial court recommended that relief be denied because Applicant failed to prove that the evidence was material. We received the supplemental clerk's record containing the trial court's findings of fact and conclusions of law on October 30, 2017.

On August 29, 2018, we received the "State's Motion for the Court of Criminal Appeals to Remand the Instant Proceedings Back to the Habeas Court in Light of Recent Developments." On March 8, 2019, we received the "State's Renewed Motion for the Court of Criminal Appeals to Remand the Instant Proceedings Back to the Habeas Court

in Light of Recent Developments." In support of these motions, the State has submitted

the following evidence/information directly to this Court:

1.  A news release dated March 2, 2018, titled "Statement from Harris County District Attorney Kim Ogg Regarding Newly Discovered Evidence in Alfred Brown Case."

2.  A press release dated May 2, 2018, titled "DA Ogg announces review of Alfred Brown case."

3.  "Defendant Harris County's Rule 12(b)(6) Motion to Dismiss Claims Related to Alleged *Brady* Violations," which was filed in federal district court on 5/8/18.

4.  "Report of Special Prosecutor John Raley to District Attorney Kim Ogg Regarding Alfred Dewayne Brown," dated March 1, 2019.

The gist of these "recent developments" is that the State recently discovered new

evidence allegedly suggesting that the prosecutor who tried Brown's case knowingly

failed to disclose telephone records to Brown's defense team prior to or during his trial.

Brown filed a civil rights lawsuit against Harris County in federal court. On May 8, 2018,

the attorneys for Harris County filed a motion to dismiss the civil rights lawsuit under

Federal Rule of Civil Procedure 12(b)(6), arguing that Brown's telephone records are

actually "<u>inculpatory</u> evidence that destroys Brown's alibi, supports the testimony against

him, and helps to establish his guilt." Brown also petitioned to be declared actually

innocent, and the Harris County District Attorney appointed attorney John Raley as a

Special Prosecutor to review Brown's case. In his report dated March 1, 2019, Raley

concluded that Brown's case "meets the legal definition of 'actual innocence.'"

The State contends that "[t]hese recent developments may or may not affect the habeas court's findings of fact and conclusions of law." The State requests this Court to remand the instant proceedings so the habeas judge may consider the "recent developments" and determine if they affect Applicant's claims for relief.

We have received Applicant's Article 11.071 application from the district clerk, but we have not filed and set the application for submission. Therefore, we will stay the proceedings in this Court pending the filing of the evidence/information in the trial court. *See* TEX. R. APP. P. 73.7(b). The State shall file the materials with the district clerk within 10 days of the date of this order. The district clerk shall immediately send a copy of the filed materials to the trial judge assigned to the habeas case and Applicant. Within 30 days of receiving the filed materials from the district clerk, the habeas judge shall make written findings of fact and conclusions of law regarding whether the filed materials should be considered in Applicant's case and, if so, whether the filed materials have any effect on Applicant's Claims One and Two. Immediately thereafter, the district clerk shall forward to this Court a supplemental record containing the trial court's findings of fact and conclusions of law, any additional documents filed, and the transcripts of any hearings. Any extensions of time shall be obtained from this Court.

IT IS SO ORDERED THIS THE 12TH DAY OF JUNE, 2019.

Do Not Publish